## Ford *v.* Tilden.

*A judgment was obtained by Brown against Griffin, Cotton, R. A. Hunter, Ford and Soli-bellas. It was registered thus: "John Brown v. Spencer Griffin et al., Sixth District Court," &c. Held: Such a registry does not operate as a mortgage on Hunter's property, because on the face of the inscription, Hunter's name does not appear.*

*If the inscription, which is in the words of the judgment, is on its face insufficient to show the name of the debtor against whom the judgment was rendered, and whose property it was desired to reach, that which the law intended should inform, leaves the reader in ignorance.*

*The index to the recorder's registry, is no part of the registry, and although Hunter's name appears in the index with a reference to the particular inscription in question, yet the error in the registry itself, is not remedied thereby.*

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J. *Flint*, for plaintiff. *Hyams*, for *Tilden*. *O. N. Ogden*, for *R. A. Hunter*, warrantor. *Kelly* and *Isaacs*, for *Mrs. S. J. Hunter*, warrantor. By the court:

SLIDELL, J. This is an hypothecary action brought against *Tilden* as third possessor. He bought the property at a sheriff's sale made in January, 1849,

FORD
v.
TILDEN.

upon an execution against *Robert A. Hunter*. The plaintiff bases his action upon a judgment obtained in 1840, at the suit of *Brown* against *Griffin* as maker, and *Cotton, R. A. Hunter, Ford* and *Solibellas*, as endorsers of a promissory note ; and which judgment, as he alleges, was duly recorded in 1840, and reinscribed in November, 1849.

There are various matters set up in defence, but the only question which we deem it necessary to examine is the sufficiency of the registry.

The judgment was recorded at page 138, in the judgment book kept by the parish judge, in these words : "*John Brown* v. *Spencer Griffin et al.*, Sixth District Court, parish of Rapides. May term 1840."

" In this case, by reason of the law and the evidence, it is ordered, adjudged and decreed, that the plaintiff recover of the defendants *in solido*, the sum of two thousand one hundred and sixty-two dollars and seventy-six cents, with ten per cent per annum interest thereon, from the 8th February, 1838, and four dollars costs of protest, and the costs of this suit to be taxed. Done in open court, this 23d day of May, 1840. (Signed) GEORGE R. KING, District Judge, 5th Judicial District."

At foot of this entry, in the judgment book, is the following : " A true record, this 11th June, A. D., 1840. GEORGE R. WATERS, Parish Judge."

In the case of *Adle* v. *Anty*, 5 Ann. 633, we held, that the judicial mortgage exists, and has vitality only by inscription. If there be no inscription there is no judicial mortgage. Has this judgment been inscribed so as to operate a judicial mortgage upon the property then owned by *Hunter ?* We think it has not, because on the face of the inscription, *Hunter's* name does not appear. *Spencer Griffin* is the only defendant named in the inscription. Who the other defendants were, does not thereby appear.

It is true, that a person desiring to know who were the other defendants, could have ascertained it, by going to the clerk's office of the district court; and, if he had done so, he would there have found their names, and that *Hunter* was one of them. But this the public were not bound to do. *Jartroux* v. *Dupeire*, 2 Ann. 608. *Taylor* v. *Hotchkiss*, 2 Ann. 917. *Hyde* v. *Bennett*, 2 Ann. 799. The inscription of the judgment should have contained on its face, information, that *Hunter* was one of the defendants, in order to create a judicial mortgage upon his property.

It is said, that this view goes beyond the letter of the law, which directs, that to obtain an inscription of a public act or judgment, the creditor, either in person or by an agent, shall present an authentic copy of the act or judgment to be recorded, to the register of mortgages of the place where the inscription is to be made. C. C. 3330. The plaintiff argues, that he has done this, that he has had the judgment inscribed *verbatim*, and has thus fulfilled what the law required. The article must receive a reasonable construction. If the judgment be on its face insufficient to show the name of the debtor against whom it was rendered, and whose property it is desired to reach, that which the law intended should inform, leaves the reader in ignorance.

It is said, that there was an index to this book alphabetically arranged, in which index, under the letter H, is found this entry, *R. A. Hunter*, administrator *J. Brown*, p. 138; and that by connecting this entry with the inscription, the fact that *Hunter* was one of the defendants, would be ascertained. But this assumes that the index is part of the record, whereas we understand it to be an assistant in searching the record book, and not the record book itself.

We are not aware that we have ever sustained an inscription, which was not in itself substantially complete; and we fear, that if we should depart from a reasonable exactness in such matters, and permit defective inscriptions to be eked out by evidence *aliunde*, the salutary law of registry would soon lapse into uncertainty and confusion.

Judgment affirmed, with costs.