No. 2728.—S. B. GRAVES AND HUSBAND *v.* S. E. HUNTER, assignee of BURBRIDGE & CO.

For the purpose of determining whether a mortgage exists against the judgment debtor, resulting from the recording of a judgment, the judgment itself, as placed upon the record, can alone be consulted. The judgment creditor can not be permitted to intro-duce or consult the petition or pleadings in the case for the purpose of explaining or showing that the judgment is joint or *in solido*. Therefore, if the judgment, as recorded, shows that it is a joint judgment, and that more than one-half thereof has been paid by one of the joint judgment debtors, no judicial mortgage exists in favor of the judgment creditors, resulting from the recording of such judgment, against the property of the joint judgment debtor who has thus paid. His part of the obligation being extinguished by payment, the judicial mortgage resting on his property falls with it.

APPEAL from the Fifth Judicial District Court, parish of East Feli-ciana. *Posey,* J. *L. M. Pipkins,* for plaintiffs and appellees. *McVea & Hunter, Kernan & Lyons* and *Race, Foster & E. T. Merrick,* for defendants and appellants.

TALIAFERRO, J. This case presents a contest for priority of mort-gage. Burbridge & Co. obtained a judgment in the Fourth District Court of New Orleans on the twenty-fourth of March, 1858, against Thomas Bisland and Micajah Harris for $21,961 43, with eight per cent. interest from nineteenth of March, 1858. This judgment was recorded in the parish of East Feliciana on the third of April, 1858.

S. B. Graves and Husband v. Hunter, assignee of Burbridge & Cc

S. B. Graves obtained a judgment *in solido* against F. Hardesty and Micajah Harris on the eleventh of February, 1867, for $4558 50, with interest from thirteenth of October, 1863. This judgment was recorded in the parish of East Feliciana on the twenty-sixth February, 1867.

The judgment of Burbridge & Co. decrees that plaintiffs " recover of said defendants, Thomas A. Bisland and Micajah Harris, the sum of twenty-one thousand nine hundred and sixty-one dollars and forty-three cents," etc. This judgment had upon it at the time it was recorded in East Feliciana two credits, one for $10,075, and the other for $5000; both payments having been made by Micajah Harris, one of the defendants. Property of this defendant having been seized under *fieri facias*, issued on the judgment of Burbridge & Co., S. B. Graves came in by third opposition, claiming to have her judgment paid first out of the proceeds of the property to be sold, averring that the seizing party has no judicial mortgage against the property of Micajah Harris, as the judgment recorded by Burbridge & Co. shows that it is against judgment, and that Harris has paid his part of it. In the court below the opponent had judgment in her favor, according to her a priority of mortgage and decreeing a distribution of the property in conformity with the judgment. The seizing creditor and defendant in opposition has appealed.

A bill of exception was taken, on the part of the opponent, to the admission in evidence of the record of the suit in which Burbridge & Co. obtained in the Fourth District Court the judgment, a copy of which they caused to be recorded in the parish of East Feliciana to operate a judicial mortgage against the property of their debtors. The admissibility of this evidence involves the main question in this case. The object of introducing it was to show from the pleadings, from the entire record taken together, that the judgment rendered is a judgment *in solido*, and therefore that the recording of it preserves against the property of the seized debtor, Harris, a judicial mortgage for the unpaid balance of the judgment. The defendant insists that the judgment *per se* and the credits indorsed upon it show it to be a judgment *in solido;* that such is the import of its terms, and that the payments made by Harris, exceeding one-half its amount, show that he was bound for more than one-half of its amount. The opponent contends that the judgment recorded to operate as a judicial mortgage must speak for itself; that extraneous evidence, as against third parties, can not be resorted to to give the act any other meaning than that in which it presents itself upon the records of the parish of East Feliciana.

We think the exception should have been sustained. The object of recording is notice to the world of the subject matter contained in the instrument recorded. Third persons, it has been frequently deter-

mined by this court, are not required to look beyond the registry.
Although judgments are interpreted by the pleadings and nature of
the obligation sued on; yet we apprehend that, when they are placed
upon the public records to serve the purpose of judicial mortgages, they
are to be interpreted only as they stand recorded in the mortgage book,
as provided by law. If third parties were required to go to the courts
where judgments were rendered and inspect the pleadings and nature
of each case in order to determine the true character and extent of the
judgment recorded to operate as a judicial mortgage, a deplorable
state of things would exist, and such as surely was never intended.
And the rights of individuals would be rendered insecure and preca-
rious in the extreme if recorded instruments, having a meaning ac-
cepted and understood by the world, should at a subsequent period by
resort, had to other instruments, be given an entirely different meaning.
Mortgages can not be extended by implication. They are construed
strictly. In the construction of instruments which are placed upon
the records of the country and to be obligatory upon third parties as
to what they express and are intended to make known, their language
should be clear, explicit, unambiguous, and their purport free from
doubt. Nothing is left to inference or deduction. In the case before
us the recorded instrument informs the world that at a certain time a
judgment for a certain sum of money was rendered against Thomas
Bisland and Micajah Harris. Presumption is not resorted to to deter-
mine whether the judgment is joint or *in solido*. The language used
certainly does not denote that it was rendered *in solido*. "Solidarity
in obligations is not presumed. It must be expressly stipulated."
C. C., art. 2088. The next article declares that "this rule ceases to
prevail only in cases where an obligation *in solido* takes place of right
by virtue of some provision of law." What provision of law is ap-
parent on the face of these recorded instruments, that constitutes the
judgment a solidary judgment? Looked to as recorded, it must there-
fore be taken as a judgment rendered jointly against the parties. The
amount paid by Harris exceeds one-half the amount of the judgment
and shows that at the time the judgment was recorded in East Feli-
ciana Harris had paid his half of it. There is no room to infer that
the judgment was *in solido*, because the sum paid by Harris exceeds
one-half its amount. It is not certain that he was bound for the whole,
because he paid more than one-half of the whole. But as the greater
includes the less, it is certain that he paid half of it. Whatever was
intended by those who recorded the judgment and the receipts and
releases that were made upon it, these acts do not inform the public
that there subsists a judicial mortgage against the property of Harris.
Upon their face they show the contrary. Viewing the subject in this
light, we think the judgment rendered by the court *a qua* correct.

It is therefore ordered, adjudged and decreed that the judgment of
the District Court be affirmed with costs. 5 N. S. 112; 7 An. 533.