338 So.2d 978 (1976)
METAIRIE BANK AND TRUST COMPANY
v.
WENDRYHOSKI, DeBLANC, AND ASSOCIATES, et al.
No. 7635.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
Rehearing Denied November 16, 1976.
Writ Granted January 14, 1977.
James T. Flanagan (Mollere, Flanagan & Arceneaux), Metairie, for plaintiff-appellee.
John J. Farrell, Jr., P. J. Browne, Jr. (Montgomery, Barnett, Brown & Read), New Orleans, for intervenor-appellant.
Before SAMUEL, REDMANN and SCHOTT, JJ.
REDMANN, Judge.
Plaintiff bank obtained and recorded a judgment against Ralph Diaz. Then Rafael E. Diaz and his wife recorded a counter-letter ("Declaration of Separate Property") declaring that their home, acquired in the name of Rafael Eduardo Diaz for convenience only, was in fact acquired as the wife's separate property with her separate funds.[1] Thereafter, plaintiff caused the *979 seizure under fi. fa. of the Diaz home. The wife now appeals from the trial court's refusal to preliminarily enjoin sale of the home. We reverse.
The recordation of a judgment against "Ralph Diaz" does not make effective against third persons a judicial mortgage against property registered in the name of "Rafael Eduardo Diaz." See Ford v. Tilden, 1852, 7 La.Ann. 533; Douglass v. Curtis, La.1826, 5 Mart.(N.S.) 112; Graves v. Hunter, 1871, 23 La.Ann. 132. (Succession of Montgomery, La.App.1950, 46 So.2d 677, is distinguished because both judgment and title were in the same name, save only that the judgment added the middle initial.)
Accordingly, when the counter-letter acknowledging the wife's separate ownership was recorded and became effective, C.C. 2239, the wife was the record owner of the property, unaffected by any judicial mortgage in favor of plaintiff against "Ralph Diaz."
Thus when plaintiff seized the property under fi. fa. it was not the property of the judgment debtor. The sale must therefore be enjoined.[2]
Reversed; preliminary injunction to issue with bond to be fixed by the trial judge at plaintiff's cost.

ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff avers that it registered in the conveyance records (before the counter-letter was registered) "an affidavit of alias, specifically setting forth that its judgment against Ralph Diaz is against the same person who sometimes went by the name of Rafael E. Diaz."
We reject plaintiff's attribution to this affidavit of the effect of changing the name either of the party cast in the judgment (because not even a court can do this ex parte; Levy v. Stelly, La.App. 1970, 230 So.2d 774) or of the owner of the property (because a third person simply does not have this power). Perhaps, prior to the counter-letter, plaintiff might have had the property seized. Or plaintiff might at that time have brought an action to declare its judicial mortgage effective against property in the name of Rafael, meanwhile recording under C.C.P. 3752 a notice of the pendency of that action and ultimately recording its judgment in that action. There may be other means to reach a judgment debtor's property[1] titled in a name substantially different from that by which the judgment casts the debtor. We hold only that a stranger's recorded affidavit that one named person and another are the same *980 person does not subject property registered in the first name to the mortgage resulting from recording a judgment against the second.
NOTES
[1] The counter-letter cited an affidavit by the wife (recorded after the judgment) which lists the wife's checks by number, date, amount and purpose, including checks for improvements and repairs.
[2] For purposes of any reviewing court, we note that the wife did not direct the trial judge's attention (or ours) to the name discrepancy. The wife argued, first, that she has the traditional right of the wife to show that property acquired during marriage (in her name, in the cases we have found) is her separate property rather than community, see, e.g., Betz v. Riviere, 1947, 211 La. 43, 29 So.2d 465; and second, the unnecessity of preferring a judicial mortgagee over the unrecorded claim of a wife, sinceas the fisherman cannot rely on the fish when he casts his netone does not obtain and record a judgment in reliance on the public records (citing this writer's analysis of the right to reliance and of its limitations, in Louisiana Law of Recordation: Some Principles and Some Problems, 1965, 39 Tulane L.Rev. 491, 499-501). We find two decisions which somewhat support the wife: Douglass v. Douglass, 1899, 51 La.Ann. 1455, 26 So. 546; and Broussard v. LeBlanc, 1892, 44 La.Ann. 880, 11 So. 460 (see also Succession of Manson, 1899, 51 La.Ann. 130, 25 So. 639, where a bank's later recorded counter-letter defeated a minor's recorded legal mortgage). A purchase by a third party in reliance on a title placed of record by a wife does defeat the wife's right, Broussard v. Broussard, 1893, 45 La.Ann. 1085, 13 So. 699. The judicial mortgage is effective against later recorded counter-letters favoring persons other than wives; Robertson v. Wood, 1850, 5 La. Ann. 197; State Ex Rel. Hebert v. Recorder of Mortgages, 1932, 175 La. 94, 143 So. 15; and it is effective against a third party who purchased prior to the recordation of the judgment but did not record his purchase until thereafter; Baker v. Atkins, 1902, 107 La. 490, 32 So. 69; Robin v. Harris Realty Co., 1934, 178 La. 946, 152 So. 573.
[1] C.C. 3328 authorizes enforcement of the judicial mortgage against all the immovables which the debtor "actually" owns [whatever that may mean] or may subsequently acquire. "Actually" is a mistranslation from "actuals" and should read "presently"; see Nathan, Comment, 1960, 34 Tulane L.Rev. 768, 770.