CALOGERO, Justice.
This case comes before the Court on direct appeal from a trial court judgment which held that the Louisiana Consumer Credit Law (R.S. 9:3510-3571) is unconstitutional.
The facts surrounding this issue are essentially as follows. On July 27, 1974, James C. Scott and Lelia T. Scott, defendants, bought on credit a mobile home from Instant Living Mobile Home Sales which assigned the promissory note and chattel mortgage to plaintiff Commercial National Bank in Shreveport. Defendants neglected to make payments when due, and pursuant to the terms of the chattel mortgage, plaintiff accelerated the due date of the promissory note and foreclosed by executory process on October 1, 1975. Subsequent to the sheriff’s sale, plaintiff filed a petition for deficiency judgment. Defendant answered this petition urging therein, as an affirmative defense, the unconstitutionality of the Louisiana Consumer Credit Law which, according to defendants, “apparently” formed the basis for the interest rate charged to the defendants.
After trial on January 13, 1977, the trial court ruled in favor of defendants, finding that “the law applicable to this mobile home transaction is unconstitutional”[1] and, therefore, that the interest charged was usurious. The trial court ordered the debt extinguished.
On appeal, plaintiff contended that the trial judge declared unconstitutional a statute which was irrelevant to the proceedings, arguing that the Louisiana Consumer Credit Law had no applicability to this mobile home transaction, the transaction being governed instead by the Motor Vehicle Sales Finance Act. Notwithstanding these contentions by plaintiff, the Court of Appeal ordered the appeal transferred to this Court pursuant to Article V, Section 5(D) of the Louisiana Constitution of 1974 which provides in pertinent part that “a case shall be appealable to the Supreme Court if . . . a law or ordinance has been declared unconstitutional.”
Before this Court, plaintiff reurges his contention that the Louisiana Consumer Credit Law is not applicable to the financing transaction involved in this case.[2]
In an effort to protect consumers from unfair and deceptive trade practices the Legislature, in 1972, enacted the Louisiana Consumer Credit Law. Basically, the Consumer Credit Law applies to all purchases of goods, services and property by a natural person for personal, family, household or agricultural purposes unless expressly excluded. R.S. 9:3516(8).
A “Consumer Credit Transaction” is specifically defined in R.S. 9:3516(11) as “a consumer loan, • consumer credit sale or a consumer lease, but does not include a retail installment contract made pursuant to the Motor Vehicle Sales Finance Act.” Also, as pointed out by plaintiff, R.S. 9:3512, the general provision on what is excluded from coverage under this Legislation, provides in pertinent part:
*1129 “This law does not apply to ... (4) retail installment transactions made pursuant to the Motor Vehicle Sales Finance Act.”
As is readily apparent, the transaction in the present case, the purchase of a mobile home on credit by a natural person, would be covered by the Consumer Credit Law unless it meets the definition of a “retail installment transaction made pursuant to the Motor Vehicle Finance Act”, in which case the Consumer Credit Law is expressly not applicable. R.S. 9:3512(4); R.S. 9:3516(11).
Under the Motor Vehicle Sales Finance Act, specifically R.S. 6:951(4), a “Retail Installment Transaction” is defined as
“any transaction evidence by a retail installment contract entered into between a retail buyer and a retail seller wherein the retail buyer buys a motor vehicle from the retail seller at a time price payable in one or more deferred installments or wherein a retail seller within sixty days of the sale of a motor vehicle, lends money on a promissory note secured by a lien or mortgage on such motor vehicle payable in one or more deferred installments.”
Under section 1 of the same statute, “Motor vehicle” is defined as
“any device, new or used, including automobiles, motorcycles, trucks, semi-trailers, truck trailers, mobile homes, and all other vehicles operated over public highways and streets of this state and propelled by power other than muscular power, .... ” (emphasis provided)
In the instant case, defendants purchased a mobile home from Instant Living Mobile Home Sales, signing both a promissory note and chattel mortgage which were later assigned to plaintiff. This transaction meets the definition of a “retail installment transaction made pursuant to the Motor Vehicle Sales Finance Act” and as such is specifically excluded from coverage under the Consumer Credit Law under R.S. 9:3512(4) and R.S. 9:3516(11).
Finding the instant transaction covered by the Motor Vehicle Sales Finance Act, we agree with plaintiff’s contention that the Consumer Credit Law has no application to the instant transaction. Thus, the determination concerning the constitutionality of that statute was inappropriate in this case.

Decree

For the foregoing reasons, the judgment of the trial court holding the Consumer Credit Law unconstitutional, the interest usurious and the debt extinguished is reversed and the case is remanded to the trial court for further proceedings in accordance with the views expressed herein.
REVERSED AND REMANDED.

. We assume that the “applicable law” to which the trial judge referred was the Louisiana Consumer Credit Law since that was the challenged law in defendant’s answer and further since the trial judge, in his reasons for judgment, relied on the case of All-State Credit Plan, Inc. v. Ficklin, District Ct. No. 41,791, which dealt with the Louisiana Consumer Credit Law.

. There is an outset contention that the Court of Appeal erroneously transferred the case to this Court since the question presented to the Court of Appeal did not involve a constitutional issue but rather, simply, whether the Consumer Credit Law or the Motor Vehicle Sales Finance Act applied to the case. Even if this contention is correct, under our supervisory powers (La. Const, of 1974, Art. V, § 5(A)) and in the interest of judicial economy, we choose to retain jurisdiction over it and address the merits rather than remand it to the Court of Appeal.