617 So.2d 1220 (1993)
THREE RIVERS FARM SUPPLY, INC., Plaintiff-Appellant,
v.
Clyde Ray WEBBER, Clerk of Court, et al., Defendant-Appellee.
CONCORDIA BANK AND TRUST COMPANY, Plaintiff-Appellant,
v.
Clyde R. WEBBER, Jr., et al., Defendant-Appellee.
No. 92-299.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1993.
*1221 George Crooks Murray Jr., Vidalia, and Brent Stafford Gore, Ferriday, for Three Rivers Farm Supply, Inc.
Ralph Bisland Shields, III, Vidalia, for Clyde Ray Webber, Clerk of Court etc.
Before GUIDRY, LABORDE, YELVERTON, WOODARD and DECUIR, JJ.
DECUIR, Judge.
In this case, Concordia Bank and Trust Corporation (CBT) appeals a trial court decision finding that two prior judgments in favor of Three Rivers Farm Supply, Inc. prime CBT's mortgage executed by defendants, the Greenes. Finding that the trial court erred, we reverse.

FACTS
This suit involves the ranking of two judgments and a mortgage recorded in the mortgage records of Concordia Parish. On October 15, 1982, a default judgment in suit number 23,057, dated October 14, 1982, was recorded in favor of Three Rivers Farm Supply, Inc. (Three Rivers) and against E & D Greene, for the principal sum of $18,814.83 plus attorney's fees. This judgment was computer indexed under "E" as "E & D Green" and a hand written notation was made under "G" as "Green, D & E."
On February 1, 1983, Three Rivers amended its petition in the original suit number 23,057 to add as defendants Mrs. Emmitt Greene and Dwayne Greene doing business as "E & D Green." On February 15, 1983, various members of the Greene family executed a mortgage in favor of Concordia Bank and Trust Company (CBT), which was recorded in the mortgage records under the letter, "G", for Elzy Dwayne Greene. Thereafter, a default judgment was rendered against the defendants as named in the amended petition of suit number 23,057. This judgment was recorded on March 11, 1983 against Mrs. Emmitt Greene and Dwayne Greene, doing business as "E & D Greene."
On June 12, 1987, CBT requested a mortgage certificate from the Concordia Parish Clerk of Court in various names, including Emmitt Greene, Elzy Dwayne Greene, and Dwayne Greene. The mortgage certificate *1222 by the clerk listed Three Rivers' Judgment recorded October 15, 1982.
CBT filed a mandamus proceeding against Clyde R. Webber, Jr., the Concordia Parish Clerk of Court (Clerk), and Three Rivers in Suit No. 27,699-B, requesting that the Clerk be ordered to delete item 4, the October 1982 judgment from the mortgage certificate. The district court eventually rendered judgment on December 30, 1987 decreeing that the Concordia Bank mortgage primes the judgment, item 4 on the mortgage certificate 6306, against "E & D Greene" in suit number 23,057-B and, making the writ of mandamus peremptory and ordering the deletion of the Judgment from the mortgage certificate.
Three Rivers appealed, and this court, while declining to reach the merits, found CBT should not have used the mandamus proceeding, it being by summary process, and reversed the trial court's judgment and ordered the suit dismissed.
Three Rivers then filed suit number 29,616 for a writ of mandamus to which CBT filed an exception. By agreement of all the parties and to cure the exception, Three Rivers filed a motion to consolidate the two suits and convert them from summary to ordinary proceedings.
The Greene's failed to file an answer and Three Rivers filed a preliminary default against them on June 27, 1991. Thereafter, a final judgment was rendered against these defendants.
On November 14, 1991, a Judgment was signed in the consolidated cases in favor of Three Rivers ordering the Clerk of Court to reinstate the recorded judgment dated October 14, 1982 and the recorded judgment in favor of Three Rivers against Mrs. Emmitt Greene, et al. dated March 10, 1983. This judgment further found that the two aforementioned judgments outrank and prime CBT's mortgage recorded on February 15, 1983 from Ruth Greene, et al. It is from this judgment that CBT appeals.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, CBT alleges the trial court erred in ordering the Clerk of Court to erase the cancellations and reinstate the October 14, 1982 judgment. In the trial court's written judgment, the trial court ordered the October 14, 1982 judgment reinstated. While the record is clear that this judgment was never actually cancelled, Three Rivers points out that this judgment was noted as cancelled in the Concordia Parish Clerk's index. It is equally clear from the record that CBT does not contest that the judgment is still valid and existing on the clerk's records. For this reason, we find the issue of whether the October 1982 judgment was cancelled moot, and if an error does exist from the trial court's use of the word, `reinstate,' it is harmless. Accordingly, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, CBT alleges the trial court erred in finding that Three Rivers' judgments outrank and prime CBT's mortgage and in ordering CBT to pay all cost of the proceedings. In addressing this assignment we will discuss the original and amended judgments separately.

RELATION BACK OF AMENDED PETITION
In response to CBT's argument, Three Rivers argues La.C.C.P. art. 1153 applies and the second judgment relates back to the original judgment recorded on October 15, 1982. We disagree.
According to La.C.C.P. art. 1153 when a party files an amended petition, the amendment relates back in time to the first petition if the amendment arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. The amendment relates back even when the identity of the parties are changed to named corporations where the amendment arises out of the same transaction or occurrence set forth in the original petition. Cortinez v. Handford, 490 So.2d 626 (La.App. 2nd Cir.1986). Furthermore, where there is some factual connexity and some identity of interest between the original and amended proceedings, *1223 the amendment relates to the original file dates. Baker v. Payne and Keller of La., Inc. 390 So.2d 1272 (La.App. 2nd Cir. 1980). However, in this case, the record indicates Three Rivers filed an amended petition to add two defendants, Mrs. Emmitt Greene and Dwayne Green, after the original petition had resulted in a judgment. We find the legislature in enacting La.C.C.P. art. 1153 did not intend for this article to be applied after an original petition has resulted in a final judgment. Therefore, we find La.C.C.P. art. 1153 does not apply to the facts of this case.

EFFECTIVENESS OF RECORDATION OF ORIGINAL JUDGMENT
The rank of a creditor's claim is established by the priority of its registry in the appropriate public record. United Credit Plan of Gretna v. Pullen, 448 So.2d 95 (La.1984). In this case, the initial default judgment against E & D Greene was recorded on October 15, 1982, and indexed under "E" as "E & D Green" and under "G" as "Green, D & E." CBT executed and recorded its mortgage on February 15, 1983, and it was indexed under "G" as "Elzy Dwayne Greene." Three Rivers' amended petition was filed in February 1983, and the final judgment resulting from this petition was recorded on March 11, 1983. This judgment was recorded against Mrs. Emmett Greene and Dwayne Greene, doing business as E & D Greene.
Under the public records doctrine, third person's need only look to the public records to determine adverse claims. See McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909). All persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property. Thomas v. Lewis, 475 So.2d 52 (La.App. 2nd Cir.1985); Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958). Thus, the question becomes: did Three Rivers judgment recorded against E & D Greene, provide sufficient notice to CBT that the judgment affected the same persons as did CBT's mortgage?
We find that Three Rivers' original judgment did not provide sufficient notice. Three Rivers erred when it secured a judgment against E & D Greene, rather than against the parties using their full names. Three Rivers' belated attempt to amend the original petition after judgment, suggests that they recognized this error. Previous cases upholding the use of an initial have involved the use of a full name plus a middle initial. See Succession of Montgomery, 46 So.2d 677 (La.App. Orleans 1950); Tranchina v. Williams, 10 La.App. 656, 120 So. 882 (La.App. Orleans 1929). These cases are readily distinguishable. A full first name provides much more notice than the use of two initials and a surname. Likewise, the use of the ampersand in the present case makes the entry even more misleading to third parties, as the form is seldom used in reference to individuals.
Further in our view, E & D Greene is not a "reasonable variation" of the names Mrs. Emmitt Greene and Dwayne Greene within the purview of La.R.S. 9:2728(A)(2) such as to be effective against third persons. In any event, La.R.S. 9:2728(A)(2) did not become effective until July 16, 1987, and although designated as remedial legislation, it cannot adversely affect the vested rights of CBT. Voelkel v. Harrison, 572 So.2d 724 (La.App. 4th Cir.1990), writ denied, 575 So.2d 391 (La.1991); Ford v. Tilden, 7 La.Ann. 533 (La.1852); Graves v. Hunter, 23 La.Ann. 132 (La.1871).
Since we have found La.C.C.P. art. 1153 inapplicable to the facts of this case, the judgment arising from the amended petition does not relate back to the filing of the original petition. Furthermore, we find that the original judgment was not properly filed so as to be effective as to third parties, either under La.R.S. 9:2728(A)(2) or the prior law. Accordingly, we find the trial court erred. We reverse the trial court's judgment and find that CBT's mortgage primes both the original judgment and the judgment resulting from the amended petition.

DECREE
The trial court's judgment is reversed. All costs of this appeal are to be assessed against Three Rivers Farm Supply, Inc.
REVERSED.
LABORDE, J., dissents and assigns reasons.
*1224 LABORDE, Judge, dissenting.
While I agree with the majority that La.C.C.P. art. 1153 does not apply to the facts of this case, I cannot agree that CBT's mortgage primes Three Rivers' recorded judgment which resulted from the original petition. I believe the first recorded judgment is a valid judgment which provided sufficient notice in the public record to effect third parties. This is particularly true in light of the fact that the Clerk of Court listed this judgment on the 1987 mortgage certificate requested by CBT. In my view, Three Rivers' first judgment primes CBT's mortgage which primes Three Rivers' second judgment. Therefore, I respectfully dissent.