629 So.2d 462 (1993)
CARDINAL FEDERAL SAVINGS BANK, Plaintiff-Appellee,
v.
CORPORATE TOWERS PARTNERS, LTD., et al., Defendants-Appellants.
No. 92-1249.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1993.
Robert H. Hodges, Baton Rouge, Paul Schertz Hughes, New Orleans, for Cardinal Federal Sav. Bank.
Henry Eugene Yoes III, Kathleen Kay, Lake Charles, for Herschell.
Gerald C. de Launay, Carolyn I. Dietzen, Lafayette, for PPG Industries, Inc. (intervenor).
Before DOMENGEAUX, C.J., and STOKER and THIBODEAUX, JJ.
THIBODEAUX, Judge.
Defendants-intervenors, PPG Industries, Inc. and Hershell Corporation, appeal a judgment *463 ranking their liens beneath the mortgage of plaintiff, Cardinal Federal Savings Bank. The trial court found PPG and Hershell failed to name the true owner of the property subject to their respective liens and concluded Cardinal was protected by the Public Records Doctrine in granting superior status to its subsequent mortgage. For the following reasons, we affirm.

ISSUES
PPG raises the following issues:
(1) Whether its lien is superior to Cardinal's mortgage.
Hershell raises these issues:
(1) Whether its lien is superior to Cardinal's mortgage.
(2) Whether La.R.S. 9:4835, as it existed in 1984, was unconstitutional because its notice requirements were insufficient for due process and its bond requirement was inadequate to protect property rights.

FACTS
A thorough review of the facts in this case can be found in our previous decision in Cardinal Federal Savings Bank v. Corporate Tower Partners, Ltd., 564 So.2d 1282 (La. App. 3d Cir.1990). In that case, we reversed the trial court's judgment ranking Cardinal's mortgage superior to all other claims, and remanded for further evidence. On remand, all parties, except those presently before this court, either settled their claims or were otherwise dismissed. The remaining parties entered into a stipulation regarding pertinent facts and the trial judge once more ruled in favor of Cardinal. The following is a brief summary of the necessary facts.
Corporate Tower Partners, Ltd. is a Texas limited partnership doing business in Louisiana as Greener & Sumner Architects, Inc., d/b/a Corporate Tower Partners, Ltd. with its general partners being Greener & Sumner Architects, Inc. and Owen B. Hayes. It was properly registered with the Louisiana Secretary of State.
In July of 1981, Sumner & Greener, Ltd., a Texas limited partnership, sold certain immovable property in Lafayette parish to Corporate Tower. The sale was recorded in conveyance records of that parish.
In March of 1982, Hershell filed a "Lien Affidavit" against the property and named "Greener & Sumner, Architects" as owner. In November of that same year, PPG filed a "Labor and Materialman's Lien" against the same property and named "Greener & Sumner, Ltd." as owner. Both liens were filed in the Lafayette parish mortgage records.
In April of 1983, Hershell filed suit pursuant to its lien and a notice of lis pendens. PPG filed suit and a notice of lis pendens in September of that same year. Corporate Tower was not named in either notice of lis pendens and Cardinal was not made a party to either suit.
In October of 1984, Cardinal granted a mortgage on the Lafayette parish property to Corporate Tower to secure the promissory note on a loan. The mortgage was properly recorded.
Judgment was rendered in PPG's suit in October of 1985.
On September 21, 1987, Corporate Tower defaulted on its loan and Cardinal filed a petition for executory process. It then filed a rule to rank encumbrances, which was heard in March of 1988. Judgment was rendered in Cardinal's favor but PPG appealed. The Third Circuit reversed and remanded. See, Cardinal Federal Savings, supra.
In ruling again for Cardinal, the trial court stated that both PPG and Hershell failed to properly name the true owner of the property against which the liens were filed. He stated that Cardinal was required by the Public Records Doctrine to check the public records only under the name "Corporate Tower Partners, Ltd." Because Cardinal did this and nothing was evident to put it on notice of any potentially conflicting claims, the trial court concluded that Cardinal's rank was superior.

LAW & ANALYSIS

Public Records Doctrine & Lis Pendens
PPG's and Hershell's first issue is essentially the same. It asks the simple *464 question: Must a lien be perfected in the name of the true owner of the subject property to be effective against third parties? Our simple answer is yes.
The gist of their argument is that the named owners, under which each recorded their liens, are aliases for the true owner, Corporate Tower. They contend that because Corporate Tower does business under the name of Greener & Sumner Architects, Inc., recordation under that alias, or slight variations thereof, is valid as notice to third parties seeking an interest in the property through dealings with Corporate Tower.
Registry in the appropriate public record establishes the rank of a creditor's claim. Three Rivers Farm Supply, Inc. v. Webber, 617 So.2d 1220 (La.App. 3d Cir. 1993); United Credit Plan of Gretna v. Pullen, 448 So.2d 95 (La.1984). The Public Records Doctrine requires a third party to look only to the public records to determine the existence of adverse claims. Webber, supra; McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909).
Cardinal, as mortgagee, was required to check the public records for encumbrances against the property under the name of its record owner, Corporate Tower. It did so, found no encumbrances and properly recorded its mortgage.
Two cases speak directly to this matter. First Financial Bank, F.S.B. v. Johnson, 477 So.2d 1267 (La.App. 4th Cir.1985) and Webber, supra, both involved questions of rank where insufficient notice was provided to third parties. In Johnson, a subsequent mortgagee's claim was held to prime that of a prior mortgagee because the prior mortgagee had recorded his mortgage under the name of "James J. Johnson" and not "James Johnson"the actual owner of the property. The court stated that, because the records revealed "James Johnson" as the owner of the property, the subsequent mortgagee was not bound to conduct a search of the public records beyond that name.
In Webber, this court held a judgment creditor's recorded judgments were primed by the subsequently recorded mortgage of a mortgagee because the judgment creditor failed to record his judgments in the names of the individual judgment debtors. The judgment creditor recorded his judgments in the name under which the judgment debtors did business, but the property in question was owned by the debtors in their individual capacities. The subsequent mortgagee, in granting mortgages to the individual debtors, checked the public records in their personal names and found no indication of encumbrances.
In both of the cases above, the Public Records Doctrine was held to protect a third party where the prior claims were recorded in names other than those of the true owners, even though the names under which recordation was made were extremely similar to those of the true owners. In the present case, there is no similarity of names. Moreover, it would be irrelevant had Cardinal known that Corporate Tower was also known as "Greener & Sumner, Architects" or "Greener & Sumner, Ltd." Cardinal was required to check the public records under Corporate Tower only, and not any and all possible aliases. Under the Public Records Doctrine, Cardinal's search was sufficient and its claim primes those of PPG and Hershell.
The argument put forth by PPG regarding lis pendens is similar to the one above. It contends that Cardinal should have checked the suit records under Corporate Tower to determine if any suits were pending against it before it granted the mortgage. It claims Cardinal would have been able to determine that litigation was pending and would have been alerted to the adverse claims against the property.
Filing notice of lis pendens is for the purpose of notifying third persons of pending litigation involving property in which they have an interest. Karst v. Fryar, 430 So.2d 318 (La.App. 3d Cir.1983). Again, the notice of lis pendens did not name Corporate Tower. There was no reason for Cardinal to *465 suspect the property was involved in litigation. Having found nothing to put it on notice of possible encumbrances in its immediate search, there was no need to extend the search to include the suit index. Furthermore, there is no law or jurisprudence which considers the suit index the "public records" for purposes of title searches. PPG's notice of lis pendens was improperly filed and thus ineffective against Cardinal's claim.

PPG's Additional Arguments
PPG claims that the judgment obtained pursuant to its lien is valid against Cardinal and res judicata applies. This is incorrect. As the court in Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984) stated at page 936 and citing McDuffie, supra:
"It is fundamental in Louisiana that any person who is not a party to a convention or judicial proceeding involving an immovable may enter into a transaction involving that immovable, and establish his rights therein by relying solely on the public records." (Emphasis added).
Clearly, Cardinal was not involved in the judicial proceedings brought by both PPG and Hershell and, barring proper notice of lis pendens, is not affected by any judgments obtained. While the judgment is final between the parties involved in PPG's suit, it is not res judicata as to Cardinal.
PPG also argues that the "law of the case" of our first decision in Cardinal, supra, should be maintained. The "law of the case" rule is applied where parties have presented to the appellate court identical issues decided in an earlier consideration of the case. Fuselier v. AMOCO Production Co., 607 So.2d 1044 (La.App. 3d Cir.1992). What PPG considers as the law of the case is this court's comment that PPG's judgment "might" be a superior claim but that further evidence was needed to properly rank all of the creditors. This is most certainly not a definitive acceptance of PPG's judgment as superior and, for the reasons discussed above, it is in fact inferior to Cardinal's mortgage. The principle of the "law of the case" is inapplicable.

Hershell's Constitutional Claim
Hershell questions the constitutionality of La.R.S. 9:4835. Where a case may be decided without addressing a constitutional issue, this court is bound to do so. See, Commercial National Bank in Shreveport v. Scott, 398 So.2d 1127 (La.1981). The filing of Hershell's lien was ineffective as to Cardinal making it unnecessary to address whether the bond was adequate or whether Hershell's due process rights were violated.

Cardinal's Issue
Cardinal answered the appeal and requested damages for frivolous appeal. Louisiana law favors appeals, and damages for frivolous appeal will not be awarded unless clearly warranted. Karst, supra; Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La.App. 3d Cir.1980). We do not find that the claims made by PPG and Hershell are unreasonable and decline the relief requested.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court ranking Cardinal Federal Savings Bank's mortgage superior to the liens of PPG Industries, Inc. and Hershell Corporation. Cardinal's request for damages for frivolous appeal are denied. PPG and Hershell are to share the costs of this appeal.
AFFIRMED.