TRANCHINA v. WILLIAMS

(March 8, 1929.  Opinion and Decree.)
(April 1, 1929.  Rehearing Refused.)
(May 21, 1929.  Writ of Certiorari and
Review Refused by Supreme Court.)

Dart and Dart, Louis C. Guidry, of New Orleans, attorneys for plaintiff, appellant.

I. F. Williams, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.  Plaintiff alleges that he purchased from his brother, John Tranchina, sometimes known as John E. Tranchina, by act of sale before Henry P. Dart, Jr., Notary Public, September 6, 1923, certain real estate, situated in the city of New Orleans;

That prior to the passage of the act of sale and in compliance with Article 3364 R. C. C., the said Henry P. Dart, Jr., applied for a research certificate from the defendant, recorder of mortgages, in the name of John Tranchina;

That on September 6, 1923, the day of the sale, a preliminary certificate was obtained indicating that there was no encumbrances against the property which he had intended to purchase, and, that thereafter, on September 7, 1923, the day after his purchase, a mortgage certificate, duly signed and dated was had, which also purported to certify that the property which petitioner had purchased was free of all liens and mortgages;

That it subsequently developed that the property purchased by petitioner was subject to a conventional mortgage, recorded in the name of John E. Tranchina, at the

time petitioner purchased same, believing it to be unencumbered, and that in order to protect petitioner's ownership, he was obliged to pay the said mortgage, with interest and costs, amounting in all to the sum of $681.92, for which sum he asks judgment against the recorder and his surety.

That John Tranchina and John E. Tranchina are one and the same person and a careful examination of the records of defendant's office would have revealed the inscription of the mortgage in the name of John E. Tranchina, which should have been reported, notwithstanding the fact that the name mentioned in the application for the certificate omitted the middle initial "E," being in the name of John Tranchina;

That plaintiff's loss was, consequently, due to defendant's negligence.

It will be noted that at the time plaintiff purchased the property, September 6, 1923, no certificate had issued in proper form from the office of the recorder of mortgages. The "preliminary research" referred to, the evidence shows, was in no sense, a certificate, since it was neither dated nor signed. It is true that the certificate when properly issued and signed by the defendant, recorder, contained no reference to any conventional mortgage in the name of John E. Tranchina, but, it will be remembered that the certificate was called for the name of John Tranchina, and it was in the name of John Tranchina, that the recorder issued a clear certificate. He is said to have been negligent in failing to report the mortgage inscribed in the name of John E. Tranchina.

Admitting arguendo that defendant was negligent in this regard, it is clear that plaintiff's loss cannot be attributed to defendant, because at the time his certificate was issued, the plaintiff had already purchased the property and parted with the purchase price, and was, therefore, not injured by the negligence of the defendant. To hold otherwise would be to extend the responsibility of the recorder of mortgages beyond all reasonable limits. The mere fact that a paper coming from a clerk in his employ, without any date or signature, fails to reveal the liens recorded against the property described therein, is not sufficient evidence of official error to charge the recorder and his surety with responsibility for loss sustained by reliance thereon, and certainly cannot be regarded as a certificate from the recorder of mortgages within the intent of Article 3364, R. C. C.

In the case of Eureka Homestead vs. Dunn, Recorder of Mortgages, reported in 14 Orl. App. page 248, where this same question was considered, the court held:

"The question arises, whether the Recorder is liable for damages resulting from an omission in an unfinished certificate upon the faith of which a party has acted. We think not; a certificate is manifestly incomplete as long as it is neither dated or signed. It shows on its face that the officer issuing it has not yet finally acted upon it, and until he has so acted upon it he has always the right to revise and recheck it to make certain that it is correct. And the best proof that such certificates are not considered final is that the parties themselves eventually insist upon having them dated and signed. Hence, those who act upon a certificate thus incomplete do so at their own risk and peril. For they have not acted upon the faith of any official act, since an act unfinished is an act undone."

There was judgment below in favor of defendant, dismissing plaintiff's suit.

For the reasons assigned the judgment appealed from is affirmed.