353 So.2d 384 (1977)
Patrick C. HARDIE and Guy W. Smith
v.
William M. JUSTICE, Jr., John F. Short and Gail B. Short.
No. 8619.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Rehearing Denied January 11, 1978.
Writ Refused February 17, 1978.
*385 A. W. Wambsgans, Metairie, for defendants-appellants.
Deutsch, Kerrigan & Stiles, James A. Burton, New Orleans, for plaintiffs-appellees.
Before LEMMON, BOUTALL and BEER, JJ.
LEMMON, Judge.
The issue in this appeal is whether a recorder of mortgages, when a mortgage certificate is requested in the name of John Francis Short, is liable in damages for not reporting a mortgage registered in the name of John F. Short. The trial court answered in the affirmative and rendered judgment against the recorder for the amount that plaintiffs (the attorney who examined the title and the notary who passed the sale) paid the mortgagee to purchase an assignment of the note secured by the mortgage in order to achieve cancellation of the mortgage, thereby preventing the mortgagee's seizure and sale of the property.[1]
The pertinent duty and liability of recorders of mortgages are stated in C.C. arts. 3393 and 3394:
"These officers shall record on their register the acts which are presented to them, in the order of their date, and without leaving any intervals or blank space between them; and they are bound also to deliver to all persons who may demand them, a certificate of the mortgages, privileges or donations, which they may have thus recorded; if there be none, their certificate shall declare that fact." C.C. art. 3393. (Emphasis supplied)
"The register of mortgages and the parish recorders performing the same duty, are answerable for injury resulting:

* * * * * *
"2. From omitting to mention in their certificates one or several acts existing on their registers, unless in this latter case the error proceeds from a want of exactness in the description, which can not be imputed to them.
"Each register of mortgages and/or parish recorder shall obtain and maintain in effect at all times liability insurance to cover any such errors and omissions which may occur in his office. * * *" C.C. art. 3394. (Emphasis supplied)
The recorder's duty to deliver mortgage certificates is limited to some extent by R.S. 9:5181, which states:
"Recorders of mortgages shall refuse their certificates to persons whose christian names are not stated, or whose christian names are designated by the initial letters alone."
In the present case plaintiffs properly stated the christian names of John Francis Short on the request for a certificate. The recorder therefore had no right to refuse the certificate and was answerable for injury resulting from omitting to mention in the certificate any act existing on his register in the name of John Francis Short. See also Hathorn v. Hundley, 13 La.App. 323, 125 So. 774 (2nd Cir. 1930).
The system of mortgage registration is organized on the basis of the names of the mortgagors. The recorder's search for mortgages is made in relation to the name stated in the request for a certificate. When the request states the first, middle and last name in which the search is to be made, the recorder must mention in his certificate any mortgage in his records bearing on the described property which has the same first name and middle initial as the name stated in the request.
The very purpose of a mortgage certificate is to inform the person making the request whether the owner has mortgaged the property. A recorder, who searches the indices and records under his control and sees the name John F. Short in the indices, should be alerted to the reasonable probability *386 that a mortgage had been executed by John Francis Short, and this name in the indices should reasonably excite further inquiry as to the description of the property in the act.
In the present case apparently the recorder simply missed the name in the indices and therefore omitted to mention the mortgage on the certificate. He is accordingly liable for damages resulting from the omission to those who relied on the erroneous certificate.
We also reject the recorder's alternative contention, based on Tranchina v. Williams, 10 La.App. 656, 120 So. 882 (Orl. App. 1929), that plaintiffs did not rely on the certificate, since it was dated and signed after the sale. Unlike the Tranchina case the certificate in this case was dated, initialed, and furnished to plaintiff prior to the sale, and then was redated and signed after the sale. We conclude plaintiffs relied on the information furnished by the recorder.
The judgment is affirmed.
NOTES
[1] Service was never obtained on the mortgagors-vendors, who were made defendants and third party defendants in this suit.