564 So.2d 1282 (1990)
CARDINAL FEDERAL SAVINGS BANK, Plaintiff-Appellee,
v.
CORPORATE TOWER PARTNERS, LTD., C.H. McKerreghan d/b/a FM Painting Contractors; Mid South Fire Protection, Inc.; Manno Electric, Inc.; Southern Electric and Tel-Com, Inc.; Hebert (Herbert) Moulis Plumbing, Inc.; John Batiste d/b/a John Batiste Painting Contractors; Danny LeBlanc, Inc. d/b/a LeBlanc Electrical Service; Champagne Sheet Metal Works, Inc., Defendants-In-Rule-Appellees,
PPG Industries, Inc., Defendant-In-Rule-Intervenor-Appellant,
Hershell Corporation, Intervenor-Appellee.
No. 88-843.
Court of Appeals of Louisiana, Third Circuit.
June 14, 1990.
*1283 Taylor, Porter, Brooks & Phillips, Robert H. Hodges and Mary T. Buhe, Baton Rouge, Deutsch, Kerrigan & Stiles, Paul S. Hughes, New Orleans, for plaintiff-appellee.
Carolyn I. Dietzen and Mildred A. Black, Lafayette, for defendant-in-rule-intervenorappellant.
Barnett, Pitre, Yoes & Kay, Henry E. Yoes, III, Lake Charles, for intervenor-appellee, Hershell Corp.
Charles Wooten, Lafayette, for defendant-in-rule-appellee, LeBlanc.
Before DOMENGEAUX, C.J., and YELVERTON and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether a judgment ranking encumbrances on immovable property is correct and whether a defendant-in-rule was given adequate notice of the hearing of a rule to rank encumbrances sufficient to satisfy its due process rights. The issue presented by a consolidated appeal, arising out of the same suit, is whether the trial court properly stayed a hearing on a motion for a preliminary injunction against the Clerk of Court and Sheriff to enjoin transfer of title and disbursement of funds or from undertaking any action which would affect a lien and privilege, as a result of a Sheriff's Sale upon a mortgage foreclosure in an executory proceeding, involving the same immovable property which was the subject of the appealed judgment to rank encumbrances.
Cardinal Federal Savings Bank (hereinafter Cardinal Federal), holder of a mortgage given by Corporate Tower Partners, Ltd. (hereinafter Corporate Tower) on immovable property owned by Corporate Tower in Lafayette Parish, Louisiana (hereinafter the immovable property), instituted executory proceedings to foreclose on its mortgage. A Sheriff's Sale was set in the executory proceeding for April 13, 1988. Prior to the scheduled Sheriffs Sale, Cardinal Federal obtained a judgment on March 28, 1988, pursuant to a rule to show cause, ranking its mortgage superior to the claims of Mid-South Fire Protection, Inc.; John Batiste, d/b/a John Batiste Painting Contractors, Danny LeBlanc, Inc., d/b/a LeBlanc *1284 Electrical Service; Hebert (Herbert) Moulis Plumbing, Inc.; Champion Sheet Metal Works, Inc.; and PPG Industries, Inc. (hereinafter PPG). PPG suspensively appealed from this judgment ranking encumbrances, which appeal was lodged with this court in this matter entitled Cardinal Federal Savings Bank v. Corporate Towers Partners, Ltd., et al., bearing Number 88-843 on the Docket of this Court. Prior to the scheduled Sheriff's Sale, Hershell Corporation (hereinafter Hershell) intervened to assert a lien it claimed to hold on the immovable property scheduled to be sold at the Sheriff's Sale. PPG also later intervened to claim a privilege on the proceeds from the sale of the immovable property sold at the Sheriff's Sale. Hershell and PPG both obtained temporary restraining orders to prevent the Clerk of Court and the Sheriff from distributing any proceeds from the Sheriff's Sale of the immovable property or issuing a Sheriffs Deed without listing their encumbrances or from taking any action adverse to their claimed encumbrances. PPG also sought a hearing on a Motion For Preliminary Injunction against the Clerk of Court and Sheriff and a hearing on a Petition For Nullity Of Judgment (the judgment ranking encumbrances rendered on March 28, 1988) and other proceedings it had brought. Cardinal Federal filed various exceptions to these and the other proceedings. All of these matters were set for hearing on August 15, 1988, at which time the trial court stayed all proceedings pending a decision by this Court on the appeal of the March 28, 1988 judgment ranking encumbrances. A formal written judgment was signed. PPG then appealed from the trial court judgment staying these proceedings, which appeal was lodged with this Court in the matter entitled Cardinal Federal Savings Bank v. Corporate Towers Partners, Ltd., et al., bearing Number 88-1347 on the Docket of this Court. Because both appeals involve the same parties and interrelated issues in the same suit, we have ordered these two separate appeals consolidated. However, we will render a separate judgment in the consolidated appeal. On the appeal in Docket Number 88-843 we reverse and set aside the judgment ranking encumbrances rendered on March 28, 1988 and remand the matter to the trial court for further proceedings on the rule to rank encumbrances. Our decision on the appeal in Docket Number 88-843 thereby renders moot the appeal of the stay order in Docket Number 88-1347 and we set aside the stay order, dismiss the appeal, and remand for further proceedings on the pending petitions, exceptions, and motions.

FACTS
Corporate Tower Partners, Ltd., a Texas limited partnership, also known in the State of Louisiana as Greener & Sumner Architects, Inc., d/b/a Corporate Tower Partners, Ltd., is a limited Texas partnership licensed to do business in Louisiana, whose general partners are Greener & Sumner Architects, Inc., and Owen B. Hawes. The agreement creating the partnership is dated July 2, 1981. The Louisiana Secretary of State issued a Certificate to Corporate Tower Partners, Inc., a Texas limited partnership, on July 6, 1981 showing that the Limited Partnership Agreement and Registration Form for Corporate Tower had been filed in his office, as required by law, in the Central Registry of Contracts for Partnerships.
On July 7, 1981, Sumner and Greener, Ltd., a Texas limited partnership, sold the immovable property to Corporate Tower Partners, Ltd., a Texas limited partnership, also known in the State of Louisiana as Greener & Sumner Architects, Inc., d/b/a Corporate Tower Partners, Ltd.
On October 31, 1984, Corporate Tower granted a mortgage on the immovable property owned by it in Lafayette Parish, Louisiana, to Cardinal Federal to secure its promissory note evidencing a loan. This mortgage was recorded in the Mortgage Records of Lafayette Parish, Louisiana on November 2, 1984. Corporate Tower became delinquent in payment of its promissory note, secured by the mortgage on the immovable property, and Cardinal Federal petitioned for and obtained an order for executory process on September 21, 1987, to foreclose its mortgage on the immovable *1285 property. The Sheriffs Sale of the mortgaged property in the executory proceeding was set for April 13, 1988. A mortgage certificate (hereinafter the mortgage certificate) was prepared on October 14, 1987, by the Clerk of Court for Lafayette Parish, Louisiana in connection with the scheduled Sheriffs Sale of the immovable property. The mortgage certificate reflected numerous recorded liens, privileges, and judicial mortgages standing against the immovable property. On March 14, 1988, Cardinal Federal filed a rule to show cause why its mortgage should not be ranked superior to the liens, privileges, and mortgages of the creditors of Corporate Tower shown on the October 14, 1987 mortgage certificate on the immovable property. The mortgage certificate was attached as an exhibit to the rule to rank encumbrances. The rule to rank encumbrances was fixed for hearing on March 28, 1988. PPG, a foreign corporation licensed to and doing business in Louisiana, was served with notice of the hearing on the rule to rank encumbrances through its agent, C.T. Corporation Systems, in New Orleans, Louisiana, on Thursday, March 24, 1988. A hearing of the rule to rank encumbrances was heard at the previously fixed time on the following Monday, March 28, 1988 in Lafayette, Louisiana. PPG was not represented and did not make an appearance at the hearing of the rule.
At the hearing on the rule to rank encumbrances, the trial judge rendered judgment that Cardinal Federal's mortgage was superior to the liens, privileges, and judicial mortgages of Mid-South, Hebert, Batiste, LeBlanc, Champion and PPG, which were shown on the mortgage certificate. No judgment was rendered by the trial court ranking the alleged claims of C.H. McKerreghan, d/b/a FM Painting Contractors; Southern Electric and Tel-Com, Inc.; and Manno Electric, Inc., which were also shown on the mortgage certificate. A formal written judgment on the rule to rank encumbrances was signed.
On April 11, 1988, prior to the scheduled Sheriffs Sale of the immovable property, Hershell Corporation intervened in the suit claiming that it had filed a lien against Greener & Sumner Architects, Inc., on March 15, 1982, and that its lien was effective against the immovable property and superior to the mortgage of Cardinal Federal. The lien of Hershell had not been shown on the mortgage certificate. Hershell also asked for and obtained a temporary restraining order against the Sheriff, enjoining him from distributing any proceeds from the Sheriff's Sale of the immovable property.
On April 13, 1988, the Sheriff of Lafayette Parish, Louisiana held the scheduled Sheriffs Sale and sold the immovable property to Cardinal Federal at a public sale.
On April 21, 1988, Hershell then filed a First Supplemental and Amending Petition to its intervention claiming that La.R.S. 9:4835, by which a bond was substituted for Hershell's security interest in the immovable property and its lien cancelled, which was apparently why its lien was not shown on the mortgage certificate, had not been properly complied with by the Clerk of Court and that for this reason its lien was improperly cancelled and improperly omitted from the mortgage certificate. Hershell further claimed that La.R.S. 9:4835 was unconstitutional, insofar as the act permitted the substitution of a bond for its lien and cancellation of its lien, and requested and obtained another temporary restraining order enjoining the Sheriff or anyone acting at his direction from distributing any funds or issuing a Sheriff's Deed as a result of the Sheriff's Sale of the immovable property which had been held on April 13, 1988. Cardinal Federal filed Declinatory, Dilatory, and Peremptory Exceptions to Hershell's petition of intervention.
On April 25, 1988, PPG timely took a suspensive appeal from the judgment rendered on the rule to rank encumbrances heard on March 28, 1988 and also filed a petition for intervention. PPG's petition of intervention alleged that it had filed a labor and materialman's lien against the immovable property and Greener and Sumner Construction, Inc., as contractor, and Greener and Sumner, Ltd., as owner of the immovable property; that this lien was *1286 filed in the Mortgage Records of Lafayette Parish, Louisiana on November 29, 1982 under Act Number 82-31859; and that on September 7, 1983, it had filed suit for recognition of its lien, as required by La. R.S. 9:4823, together with a notice of lis pendens against the immovable property. PPG further alleged that, on October 25, 1985, a money judgment was rendered in its suit against Greener and Sumner Construction, Inc., Greener and Sumner, Ltd., Corporate Tower Partners, Ltd., (a/k/a Greener and Sumner Architects, Inc., d/b/a Corporate Tower Partners, and Greener and Sumner Architects, Inc.), which judgment recognized its lien on the immovable property, filed under Act Number 82-31859. PPG alleged that this judgment is the same PPG judgment which was shown on the mortgage certificate attached to Cardinal Federal's rule to rank encumbrances and which was filed in evidence at the time of the hearing on the rule to rank encumbrances on March 28, 1988 and which the trial judge ruled was inferior to the mortgage of Cardinal Federal. Cardinal Federal filed Declinatory, Dilatory, and Peremptory Exceptions to PPG's petition of intervention.
On May 6, 1988, PPG filed a Petition For Nullity of the judgment rendered on March 28, 1988 on the rule to rank encumbrances. Cardinal Federal filed Declinatory, Dilatory, and Peremptory Exceptions to PPG's Petition for Nullity.
On June 3, 1988, while a temporary restraining order was in effect, the Clerk of Court and the Sheriff for the Parish of Lafayette, Louisiana inadvertently recorded a Sheriff's Deed transferring the property to Cardinal Federal and cancelled the encumbrances of PPG. On June 14, 1988, the Sheriff of Lafayette Parish filed an ex parte Motion and obtained a court order recalling the Sheriff's Deed and reinstating PPG's encumbrances which were inadvertently cancelled.
On July 26, 1988, Cardinal Federal filed a Motion for New Trial, Reconsideration and/or to Set Aside Order which contested the ex parte order recalling the Sheriff's Deed and reinstating PPG's encumbrances.
On August 2, 1988, PPG filed a Motion for Contempt, Reinstatement of Ranking of Cancelled Lien and Mortgages, and for Damages caused to PPG Industries, Inc. against the Clerk of Court and the Sheriff of Lafayette Parish for the violation of the temporary restraining order. On that same day, PPG filed a First Amending and Supplemental Petition of Intervention and a Motion for a Preliminary Injunction, which is the subject of the second appeal in this matter.
On August 15, 1988, the following matters were set for hearing:
(1) Declinatory, Dilatory, and Peremptory Exceptions filed by Cardinal Federal to Hershell Corporation's Petition of Intervention;
(2) Declinatory, Dilatory, and Peremptory Exceptions filed by Cardinal Federal to PPG's Petition of Intervention.
(3) Declinatory, Dilatory, and Peremptory Exceptions filed by Cardinal Federal to PPG's Petition for Nullity;
(4) Motion for New Trial, Reconsideration and/or to Set Aside Order filed by Cardinal Federal;
(5) Motion for Contempt, Reinstatement of Ranking of Cancelled Lien and Mortgage, and Damages filed by PPG;
(6) Motion for Preliminary Injunction filed by PPG.
On August 15, 1988, the trial court on its own motion issued an order staying all further proceedings until this Court had rendered its decision on the appeal to this Court, bearing Docket Number 88-843, by which PPG appealed from the judgment rendered on March 28, 1988 on the rule to rank encumbrances. A formal written judgment was signed.
PPG, by supervisory writ application to this Court, filed under Number W88-1136 on the Docket of this Court, sought review of the trial court's judgment staying the hearing of Cardinal Federal's Declinatory, Dilatory, and Peremptory Exceptions to PPG's Petition of Intervention and Petition of Nullity; staying hearing of PPG's Motion *1287 for Contempt, Reinstatement of Ranking of Cancelled Lien and Mortgage, and Damages; and staying PPG's Motion for Preliminary Injunction. By judgment dated November 4, 1988, rendered in the matter entitled Cardinal Federal Savings Bank v. Corporate Tower Partners, Ltd., et al., an unreported writ decision bearing Number W88-1136 on the Docket of this Court, we denied in part and granted in part PPG's writ application, and made it peremptory. Our judgment was that the:
"Trial court erred in staying all proceedings in connection with PPG, Inc.'s petition for nullity of the judgment rendered on March 28, 1988, and filed May 6, 1988, and the declinatory, dilatory, and peremptory exceptions of Cardinal Federal leveled at the PPG, Inc.'s petition for nullity. LSA-C.C.P. Art. 2005. In all other respects, we find no error in the trial court's stay order. This matter is remanded to the trial court for proceedings consistent with this order."
PPG then took a second appeal arising out of the same suit to this Court, to review the portion of the August 15, 1988 judgment of the trial court staying a hearing on its Motion for Preliminary Injunction.
We have ordered these two separate appeals consolidated since they involve the same parties, interrelated issues, and the same suit. However, we will render a separate judgment in the consolidated appeal.

LAW
At the hearing on the rule to rank encumbrances held on March 28, 1988, ordering PPG and others to show cause why Cardinal Federal's mortgage should not be ranked superior to any lien, privilege, or mortgage shown on the mortgage certificate, the trial judge had before him in evidence the entire contents of the record as of March 28, 1988, which included the mortgage certificate dated October 14, 1987 made in the name of Corporate Towers Partners, Ltd., rather than the name of Corporate Tower Partners, Ltd. Also introduced at the hearing was a lien bond given by Greener and Sumner Architects, Inc. and its surety so that a lien and privilege of C.H. McKerreghan, d/b/a FM Painting Contractors could be cancelled pursuant to La.R.S. 9:4835, A second mortgage certificate and attachments, made in the names of Corporate Tower Partners, Ltd., Greener and Sumner Architects, Inc., and Owen B. Hawes, was likewise introduced at the hearing. This mortgage certificate was dated October 12,1984 and had been allegedly updated, by addition of handwritten notes, as of January 15, 1985. This was all the evidence before the trial judge and, based on this evidence, the trial judge rendered judgment in favor of Cardinal Federal and against PPG, and other creditors of Corporate Tower, finding Cardinal Federal's mortgage superior to their recorded encumbrances on the immovable property.
The mortgage certificate, dated October 14, 1987, has two entries relevant to these two consolidated appeals which are listed as follows:
"2nd Act No. 84-38220 dated 10-31-84 recorded 11-2-84: Mortgage executed by CORPORATE TOWER PARNERS, LTD. in favor of CARDINAL FEDERAL SAVINGS BANK to secure payment on one promissory note in the sum of $6,850,000.00 bearing interest at the rate of AS SPECIFIED ON NOTE per annum from date until paid and made payable AS SPECIFIED ON NOTE.
* * * * * *
10th Act No. 85-36190 dated 10-25-85 recorded 10-25-85: Judicial Mortgage in favor of PPG INDUSTRIES, INC. in the sum of $217,510.00 together with interest thereon at the rate [sic] of 12% per annum from 11-12-82, until paid in full, and attorney's fees in the amount of 1/3% of the aggregate of principal and interest against GREENER AND SUMNER CONSTRUCTION, INC., SUMNER JAND [sic] GREENER, LTD., CORPORATE TOWER PARNERS, LTD., (ALSO KNOWN IN THE STATE OF LOUISIANA as GREENER AND SUMNER ARCHTECTS, INC., d/b/a CORPORATE TOWER PARTNERS, AND GREENER *1288 AND SUMNER ARCHITECTS, INC.) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Labor and Materialman's Lien in favor of plaintiff herein, PPG INDUSTRIES, INC., filed under Act No. 82-31859 of the Office of the Clerk of Court in and for the Parish of Lafayette, Louisiana, securing the indebtedness represented by this Judgment, is hereby recognized and maintained, said Labor and Materialman's Lien bearing on the above described property. Civil Docket No. 83-5399 F in the 15th JUDICIAL DISTRICT COURT." (Emphasis supplied.)
Under the public records doctrine in Louisiana, third parties are only required to look to the public records to determine what interests and claims affect immovable property, and all persons are held to have constructive notice of the existence and contents of recorded instruments affecting immovable property. La.R.S. 9:2721; Judice-Henry-May Agcy., Inc. v. Franklin, 376 So.2d 991 (La.App. 1 Cir.1979), writ den., 381 So.2d 508 (La.1980). Unrecorded documents are not binding on third parties, even if actual knowledge of the document exists and even if the unrecorded document is referred to in a recorded one. Judice-Henry-May Agcy., Inc., supra at 992.
The mortgage certificate, Entry Number 2, shows Cardinal Federal's mortgage, on which it was foreclosing and which it was seeking to have recognized as superior to all other encumbrances shown on the mortgage certificate, as arising from being recorded under "Act No. 84-38220 dated 10-31-84 recorded 11-2-84." The mortgage certificate, Entry Number 10, shows a judicial mortgage in favor of PPG which arose from being recorded on October 25, 1985 after recordation of the mortgage of Cardinal Federal shown in Entry Number 2. However, this entry on the mortgage certificate not only showed a judicial mortgage arising from a judgment in favor of PPG against Corporate Tower Partners, Ltd. (also known in the State of Louisiana as Greener and Sumner Architects, Inc., d/b/a Corporate Tower Partners, Ltd.) and others but also showed that the judgment recognized a labor and materialman's lien in favor of PPG which had been "... filed under Act No. 82-31859 of the Office of the Clerk of Court in and for the Parish of Lafayette, Louisiana, securing the indebtedness recognized by this Judgment, [and that it] is hereby recognized and maintained, said Labor and Materialmen's Lien bearing on the above described property" which lien obviously arose prior to the recordation of Cardinal Federal's mortgage on the immovable property. Act Number 82-31859 clearly would predate Act Number 84-3822 in the Records of the Office of the Clerk of Court for Lafayette Parish, Louisiana. This is not a case where there is a reference to an unrecorded act in an act that had been recorded, but rather is notice of a recorded act affecting the immovable property which recorded act did not itself appear on the mortgage certificate.
Though it is true that PPG did not appear at the hearing on the rule to rank to put on any evidence, Cardinal Federal still had the burden of proving that its mortgage outranked any previous lien held by PPG. A mortgage certificate obtained in a particular name only shows privileges and mortgages recorded under that name. It does not necessarily show all encumbrances against an immovable. Entry No. 10 on the mortgage certificate clearly shows entry of a final judgment recognizing a lien created by an act in the names of Corporate Tower Partners, Ltd. and others predating the act creating Cardinal Federal's mortgage.
In State v. Simmons, 1 So.2d 850 (La. App. 2 Cir.1941), the Second Circuit was presented with the issue of whether the Clerk of Court was required to furnish a general unrestricted mortgage certificate showing whether there existed any encumbrance on property offered for sale by the Sheriff at public auction on request of the Sheriff, upon the Sheriff furnishing the clerk the name of a certain judgment debtor or the names of certain judgment debtors. The Second Circuit sought instruction from the Supreme Court. The Supreme Court responded:

*1289 "In order for the recorder to issue an unrestricted mortgage certificate affecting a particular piece of real property, he would be required to determine the present and former legal owners thereof over a long period of time and this would necessitate making a very thorough abstract of the title of the property. To insure accuracy in the description of the property and determine if it conflicts with or is affected by the description in other acts, it would also be necessary to have a survey of the land made. Furthermore, there may be unrecorded deeds and conflicting ownerships growing out of prescription and inheritance where heirs have taken possession of, mortgaged or sold property of a deceased without succession proceedings. To complete his record, the recorder would have to go beyond his office and secure affidavits and do other curative title work. The recorder might well be confronted, even with the assistance of able counsel, with a situation which would make it impossible for him to determine who were the lawful owners of property, as well as what encumbrances exist in their names." State v. Simmons, 1 So.2d 850, at pages 852, 853 (La.App. 2 Cir.1941).
The Supreme Court also noted that:
"[I]t is the duty and responsibility of the sheriff to furnish the recorder of mortgages with a list of names of only the owners and former owners of the described property involved as shown by the records and written information in his possession and such additional names as the interested parties or their attorneys may furnish to him in writing in order that the mortgage certificate of the recorder of mortgages shall be as complete and comprehensive as possible covering all privileges, mortgages or encumbrances against the described property which is to be sold at public auction, and that the sheriff performs his duty and discharges his responsibility in accordance with Article 678 of the Code of Practice, upon reading such a certificate preceding the adjudication of the property." State v. Simmons, 1 So.2d 850, at page 855 (La.App. 2 Cir.1941).
The Clerk of Court is only required to search his records under the names furnished him by a party seeking a mortgage certificate. See La.R.S. 9:2728; La.R.S. 9:5181; Hardie v. Justice, 353 So.2d 384 (La.App. 4 Cir.1977), writ den., 354 So.2d 1379 (La.1978). The Clerk is not required to check encumbrances against property under the names of previous owners when not provided with those names. See La.R.S. 9:2728; La.C.C. Art. 3393; Hardie v. Justice, supra. For the reasons given in Simmons, supra, this would be an impossible task for the Clerk to perform. Nevertheless, the Clerk remains liable if he does not correctly report encumbrances under the names provided him. La.C.C. Art. 3394.
Cardinal Federal's evidence presented at the hearing of the rule to rank encumbrances did not prove that the act creating the lien referred to in the mortgage certificate under Entry Number 10, was not recorded before the act creating Cardinal Federal's mortgage it was foreclosing. Nor did Cardinal Federal prove that such lien was invalid. To the contrary, the mortgage certificate showed that PPG had obtained a final judgment recognizing its lien on the immovable property created by an act predating the act creating Cardinal Federal's mortgage and which judgment recognizing the lien and privilege on the immovable property was final, whether correctly or incorrectly decided.
The purpose of the public records doctrine is to protect those with interest in property as well as those seeking to obtain interest in property. Recordation of an interest in immovable property protects the one holding that interest against subsequent actions affecting the property to which they are not a party. On the other hand, recordation protects those acquiring property from encumbrances which are kept private. See La.R.S. 9:2721; La.R.S. 9:2744; La.R.S. 9:5141; La.C.C. Art. 3273, 3329; Watson v. Bethany, 209 La. 989, 26 So.2d 12 (1946); Bordelon v. Bordelon, 499 *1290 So.2d 1050 (La.App. 3 Cir.1986); Judice-Henry-May Agcy., Inc., supra.
Merely obtaining a mortgage certificate in the incorrect name of Corporate Towers Partners, Ltd. is not an adequate search of the records to show all encumbrances existing on the immovable property and, if Cardinal Federal or any third party chooses to rely on such a search, it does so at its own peril. The Clerk of Court is only required to list in a mortgage certificate those encumbrances shown under the names given and variations of the name by middle name or initial. La.R.S. 9:2728; Hardie v. Justice, supra.
When given evidence, such as that presented at the hearing of the rule to rank in this case, the trial judge could rank as inferior only those liens, privileges, and mortgages proven to be inferior to Cardinal Federal's mortgage. The reference to the act number creating PPG's lien, recognized by judgment on the immovable property, as Entry Number 10 on the mortgage certificate of October 14, 1987 is enough to have put the trial judge on notice that PPG might have a superior recorded lien and privilege on the immovable property; therefore, the trial judge was clearly wrong and manifestly in error in ranking Cardinal Federal's mortgage superior to the lien of PPG because Cardinal Federal failed to carry its burden of proof of showing that such recorded lien was not superior to its mortgage. Cardinal Federal did not meet its burden of proof or even put on any evidence concerning the PPG lien. For the foregoing reasons, we find that the trial judge was manifestly in error and clearly wrong in ranking Cardinal Federal's mortgage as superior to PPG's judicial mortgage which also recognized a lien and privilege of PPG on the immovable property.
However, we do not find that there is enough information in the record for this Court to rank the encumbrances shown on the mortgage certificate. An evidentiary hearing is required. Furthermore, in its judgment rendered on March 28, 1988, the trial judge gave judgment only against some of the creditors served with the rule. Some creditors could not be served and were dismissed from the rule, and the judgment reserved ranking a lien of another creditor, the resolution of which is not clear from the record. Therefore, we reverse and set aside the judgment ranking encumbrances of the trial court rendered on March 28, 1988 and remand the matter to the trial court for further proceedings. This will also allow all parties to present evidence concerning Hershell's and PPG's encumbrances shown on the mortgage certificate.
Because of our reversal of the judgment ranking encumbrances rendered on March 28, 1988, we find it unnecessary to consider PPG's denial of due process argument.
Also, in light of our ruling, the correctness of the stay order of the hearing on PPG's Motion For Preliminary Injunction is rendered moot. With rendition of this judgment, we vacate the stay order, and dismiss the consolidated appeal so that on remand the hearing on PPG's other claims may be considered.
For the foregoing reasons, we set aside the judgment ranking encumbrances rendered on March 28, 1988, and remand the matter to the trial court for further proceedings on the rule to rank encumbrances in accordance with law and the views expressed herein. All costs of this appeal are taxed to plaintiff-appellee, Cardinal Federal Savings Bank.
REVERSED AND REMANDED.
DOMENGEAUX, C.J., concurs in the result only.
YELVERTON, J., concurs in the result.