CHEHARDY, Chief Judge.
This proceeding was instituted by the State of Louisiana, through the Department of Social Services, and Linda Landry against Rodney Landry for the support of the Landrys’ two minor children, pursuant to the provisions of LSA-R.S. 46:236.1(F). Following a hearing, the Juvenile Court for the Parish of Jefferson entered an order on February 12, 1990, setting support payable by Mr. Landry at $710 per month, retroactive to December 15, 1989. From that ruling Rodney Landry has appealed. For the reasons assigned, we vacate the judgment and remand the matter for further proceedings.
On appeal Mr. Landry made several assignments of error, but our disposition of the case eliminates several of the evidentia-ry questions. The appeal turns on the following issues:
(1) Whether the Jefferson Parish Juvenile Court had jurisdiction over this domestic civil matter; and
(2) Whether the defendant should have been permitted to introduce evidence of a pre-existing support decree to prove that the State of Louisiana does not have authority under R.S. 46:236.1(F) to bring this action, because the defendant is neither an absent parent nor a nonsupporting parent.
JURISDICTION OF THE JUVENILE COURT
Mr. Landry contends the Jefferson Parish Juvenile Court lacked jurisdiction over this “purely domestic matter” involving child support. He argues that the juvenile court’s jurisdiction is limited to “matters pertaining to delinquency or criminal neglect of children, desertion or nonsupport of children, or the adoption of children,” including “proceedings pertaining to delinquent children, children in need of supervision, and children in need of care,” as well as “parents in need of supervision.” Because the petition here alleges none of these situations, he contends the juvenile court has no jurisdiction.
Juvenile courts in Louisiana are courts of limited jurisdiction, created by the Legislature under a constitutional grant of authority. La. Const. Art. 5, Sec. 18. The exclusive original jurisdiction exercised by juvenile courts is set forth in LSA-R.S. 13:1570, pursuant to which LSA-C.J.P. art. 16(A)(6) states,
“A. A court exercising juvenile jurisdiction shall have exclusive original jurisdiction, in conformity with any special rules prescribed by law, in the following proceedings involving adults:
******
(6) Proceedings brought by * * * the District Attorney to establish or enforce support pursuant to the provisions of R.S. 46:236.2 or R.S. 46:236.1(F).”
The petition here states this action is brought in accordance with R.S. 46:236.-1(F). Accordingly, the juvenile court had original jurisdiction over this proceeding.
ADMISSION OF PRE-EXISTING SUPPORT DECREE
This action was brought under the provisions of LSA-R.S. 46:236.1. At the time the petition was filed, the statute read as follows, in pertinent part:
“A. For purposes of this Section, the following items shall mean:
(1) ‘Department’, the Department of Social Services.
(2) ‘AFDC’, aid to families with dependent children, and
(3) ‘SES program administrator’, the administrator of the Support Enforcement Services program, office of eligibility determination, Department of Social Services.
B. (1) The department is hereby authorized to develop and implement a program of family support in AFDC cases designed to do the following:
(a) Enforce and collect the support obligation owed by an absent parent to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
*1127 (b) Locate absent parents.
(c) Establish paternity.
(d) Obtain family and child support orders.
(e) Obtain medical support orders as part of any child support order.
(2) In addition, as required by federal law, the department shall provide the above services to any individual not receiving AFDC and therefore not otherwise eligible for such services upon receiving an application from such individual and upon receiving any fee which may be assessed by the department for the services.
* * * * He *
F. The department * * * may without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action * * * in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person * * * in any ease in which the department has agreed to provide services for a non-AFDC applicant. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding. [Emphasis added.]”
Mr. Landry asserts there was an order of support already in existence when this suit was filed, rendered by the 15th Judicial District Court for the Parish of Lafayette in the parties’ divorce proceeding, but the juvenile court judge refused to allow the defendant to introduce evidence of the prior judgment or of a pending decision modifying the earlier judgment. The defendant contends where there is a prior order providing for child support and the defendant is not an absent parent, the State has no authority to bring proceedings under R.S. 46:236.1(F).
Although the defendant admits the Department of Social Services is authorized to pursue this action on behalf of Mrs. Landry, under paragraph (B)(2) of the statute, he contends the statute does not apply to this case, arguing that Paragraph (B)(1)(a) of the statute requires that the obligor parent be an “absent” parent. He asserts that he is not an “absent” parent because his whereabouts have always been known to the plaintiff and he has exercised his parental rights regularly.
Alternatively, he argues that - R.S. 46:236.1(B)(1)(d) applies only where no support order has yet been established. Because there is a support order outstanding that the juvenile court judge refused to allow into evidence, he asserts the department cannot obtain another support order against him.
By Acts 346 and 347 of 1990, the Louisiana Legislature amended R.S. 46:236.1 to define an “absent parent” as one who does not reside with the dependent child and who is responsible for providing for the child’s financial support, and to provide specifically that actions to modify child support orders may be brought under the statute. The relevant portions of the statute, as amended, follow:
“A. For purposes of this Section, the following items shall mean:
* ⅜ * * ⅞: ⅝:
(4) ‘Absent parent’, the natural parent, adoptive parent, or any individual, including the putative or alleged father, who does not or did not reside with his or her dependent child, and who is currently, was, or should have been at any time responsible for providing for the financial support of his or her dependent child.
* * sfc * # *
B. (1) The department is hereby authorized to develop and implement a program of family support in AFDC cases, Title IV-E Foster Care cases, Medicaid only cases, and any other category of cases to which the state is required by federal law or regulation to provide services, designed to do the following:
*1128 (a) Enforce, collect, and distribute the support obligation owed by any person to his child or children and to his spouse or former spouse with whom the child is living if a support obligation has been established with respect to such spouse or former spouse.
* * * * * ‡
(d) Obtain and modify family and child support orders.
⅜ * ⅜ * * *
(2)In addition, as required by federal law, the department shall provide the above services to any individual not otherwise eligible for such services as provided for in R.S. 46:236.1(B)(1) upon receiving an application from such individual and upon receiving any fee which may be assessed by the department for the services.
* * ⅜; ⅛ * * \
F. The department * ⅜ ⅜ may * * * take direct civil action * * * in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Section. * * * Additionally, the department may take direct action to modify an order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Section. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding. [Emphasis added.]”
Plainly, if these amendments are applicable to this case, then the appellant’s objections are eliminated: not only is he within the class of persons against whom a proceeding may be brought, but also this proceeding may be classified as one to modify a judgment of child support. Thus, the only error in the proceeding below would be the failure to admit evidence of the pre-existing judgment from Lafayette.
The effective date of acts passed during the 1990 legislative term was September 1, 1990, while this case was pending. LSA-C.C. art. 6 states, “In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.”
If a statute creates an obligation, it is considered substantive and is applied prospectively only; on the other hand, if the statute relates to the form of the proceeding or the operation of the laws, it is procedural, remedial, or curative and can be applied retrospectively, unless the retroactive application would operate to disturb vested rights. Riehm v. Kellogg, 520 So.2d 1169 (La.App. 4 Cir.1987), writ granted, 523 So.2d 1331, writ dismissed, 530 So.2d 1164 (La.1988).
If a statute creates a new obligation where no such obligation existed before, it is substantive; however, if the act merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural. Young v. American Hoechst Corp., 527 So.2d 1102 (La.App. 1 Cir.1988).
Applying these definitions to the amendments to R.S. 46:236.1, we conclude the changes are procedural or interpretive, for they create no new rights; rather, they merely define and make explicit matters implicit in the previous version of the statute.
Accordingly, the new version of the statute is applicable to this case, which must be considered a proceeding to modify the pre-' existing judgment of child support from the Lafayette court, and the case must be remanded for retrial in light of the Lafayette judgment, subject to the prevailing law and jurisprudence regarding modification of child support judgments.
DECREE
For the foregoing reasons, the judgment of the juvenile court is set aside and the matter is remanded for a new trial to allow *1129 the defendant to introduce evidence of the pre-existing support decree and for further proceedings according to the law.
SET ASIDE AND REMANDED.