572 So.2d 724 (1990)
Lucille Scovotto VOELKEL
v.
Martin A. HARRISON, III.
No. 90-CA-0059.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
Writ Denied February 22, 1991.
*725 Judy Cannella Schott, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for plaintiff/appellant.
Rodney J. Madere, Metairie, for intervenor/appellee State Farm Acceptance Corp. of Louisiana Inc.
Before WARD, ARMSTRONG and BECKER, JJ.
BECKER, Judge.
Plaintiff, Lucille Scavotto Voelkel, appeals the judgment of the trial court finding that intervenor's, State Farm, mortgage primes plaintiff's mortgage on defendant's, Martin A. Harrison, III, property. On April 4, 1988, plaintiff filed a petition for executory process alleging that the defendant had defaulted on a mortgage she had on defendant's property. Voelkel acquired the mortgage on defendant's property in January, 1983. The act of mortgage named Martin A. Harrison, III as the mortgagor. Title to the property mortgaged named Martin Harrison, III as the owner.
State Farm Acceptance Corporation of Louisiana Inc. filed a petition to intervene in the present matter and a rule to rank mortgages. State Farm argued that under First Financial Bank, F.S.B. v. Johnson, 477 So.2d 1267 (La.App. 4th Cir.1985), its mortgage on the property in question, which was acquired in December 1985, primes plaintiff's mortgage. Another panel of this Court concluded in First Financial Bank, that a conventional mortgagee has the obligation to caption the act of mortgage so as to set forth the mortgagor's name in conformity with his name as owner of the property on the public records. The court held that this failure resulted in the first mortgagee's mortgage being primed by the party who obtained the second mortgage on the property.
Plaintiff contends that the legislature overruled the First Financial Bank decision when, in 1987, it created L.S.A.-R.S. 9:2728. The statute, which is remedial in nature, provides that:
"A. A conventional or collateral mortgage shall not be deemed inferior and *726 subordinate to another security device solely by reason of:
(1) Its inclusion of, or failure to contain, the middle name or initial of the mortgagor; or
(2) The use of any reasonable variation of the mortgagor's name, including but not limited to initials or abbreviations for the mortgagor's given names.
B. A mortgage certificate by a clerk of court to determine if an immoveable is burdened with any encumbrance shall include a search of the public records for a variation by middle name or initial of the owner's recorded name."
The trial court refused to apply R.S. 9:2728 retroactively finding that to do so would violate State Farm's vested right in the ranking. The trial court cited Article 1, Section 23 of the Louisiana Constitution, which provides that subsequent legislation cannot be applied retroactively to disturb vested rights.
Article 1, Section 23 of the Louisiana Constitution prohibits the legislature from enacting any law which impairs the obligations of a contract. Where the statute in question was not in effect at the time of the contracting, it cannot be retroactively applied to alter the obligations of that contract, even though the act giving rise to the obligation occurs after the effective date of the statute. Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983). Further, Civil Code Article 8 provides that a law "can prescribe only for the future, it can have no retrospective operation ..."
Thus, the rule of prospective application applies to laws that are substantive in nature. Laws that are procedural, remedial or curative may be accorded retroactive effect. Graham v. Sequoya Corp., 478 So.2d 1223, 1225 (La.1985); Cahn v. Cahn, 468 So.2d 1176, 1181 (La.1985). However, a law will not be applied retroactively if its language evidences a contrary intent or the retroactivity would operate to disturb vested rights. Graham v. Sequoya Corporation, supra at 1226; Lott v. Haley, 370 So.2d 521, 523 (La.1979).
A right is vested when,
"the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit or contingent interest in property ... does not constitute a vested right." Tennant v. Russell, 214 La. 1046, 39 So.2d 726, 728 (1949).
The trial court was correct when it found that the "intervenor gained a present interest, the ranking position, at the time the mortgage was recorded, and therefore has a vested right in the ranking." The trial court properly refused to apply L.S. A.-R.S. 9:2728 retroactively. However, we can not affirm the trial court's judgment. Just as application of R.S. 9:2728 would have impaired State Farm's vested rights, application of the First Financial Bank decision has impaired the vested rights Mrs. Voelkel has in the ranking of her mortgage.
The decision of First Financial Bank substantially modifies the prior jurisprudence concerning the "sufficiency of notice" requirement under the public records doctrine. To apply the First Financial Bank decision to mortgages created and recorded prior to that decision would result in a violation of the mortgagee's vested right in the ranking of its mortgage. Thus, it is appropriate that the First Financial Bank decision be applied prospectively to mortgages recorded after the date the decision was rendered (October 11, 1985).
Therefore, we find that the First Financial Bank decision inapplicable in determining whether Mrs. Voelkel's mortgage sufficiently put third parties on notice of her mortgage.
Under the public records doctrine, third persons need only to look to the public records to determine adverse claims. See McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909). All persons are held to have constructive notice of the existence and contents of recorded instruments affecting *727 immovable property. Thomas v. Lewis, 475 So.2d 52 (La.App. 2nd Cir.1985); Wells v. Joseph, 234 La. 780, 101 So.2d 667 (1958).
The jurisprudence has established some guidelines to determine when recorded instruments place a third party on inquiry as to the title and/or description of the property involved. However, the criteria is not precise. A review of the jurisprudence reveals that the determinations of the sufficiency of notice must be decided on a case by case basis. Watterson v. Magee, 498 So.2d 30 (La.App. 1st Cir.1986). Where a recorded instrument has language that fairly puts a third person on inquiry as to the title and he does not avail himself of the means and facilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own peril. Wells v. Joseph, supra; Brown v. Johnson, 11 So.2d 713 (La.App. 2nd Cir. 1942); Florida Gas Exploration Company v. Bank of St. Charles and Trust Company, 435 So.2d 535 (La.App. 5th Cir.1983); Judice-Henry-May-Agency, Inc. v. Franklin, 376 So.2d 991 (La.App. 1st Cir. 1979), writ denied, 381 So.2d 508 (La.1980). When one is put on inquiry as to title, availing one's self of "means and facilities at hand" requires an examination of any necessary public records, but not a wide ranging search of unrecorded documents. Judice-Henry-May Agency, supra.
The Louisiana Supreme Court has held that the description of real property in a mortgage or deed, although such description may be inaccurate or faulty, is sufficient to serve as notice to third parties dealing with that property if the description is adequate to enable the court to locate and identify the property with certainty, and if it is not so inaccurate or faulty as to be misleading. Tircuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489 (1926); White v. Quachita Natural Gas Co., 177 La. 1052, 150 So. 15 (1933); Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197 (1952); Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957); Wells v. Joseph, supra; Mid-State Homes, Inc. v. Knapp, 156 So.2d 122 (La.App. 3rd Cir. 1963).
These guidelines, while not directly applicable to this case, assist in determining the degree to which third parties must be placed on notice. The cases reviewed all state that the recorded document must provide "sufficient notice." Thus the question becomes, did Mrs. Voelkel's mortgage naming "Martin A. Harrison, III" as the mortgagor provide sufficient notice to State Farm that the property owned by "Martin Harrison, III" was already mortgaged.
We find that plaintiffs' mortgage did provide sufficient notice. Intervenor, State Farm, erred when it did not request a title search including defendant's middle initial. Two prior decisions uphold our finding. In Succession of Montgomery, 46 So.2d 677 (La.App. Orleans 1950), this court held that a judicial mortgage naming Sterling N. Harris as the mortgagor affected property owned in the name of Sterling Harris. In its decision, the court relied upon the case of Tranchina v. Williams, 10 La.App. 656, 120 So. 882 (La.App. Orleans 1929).
In Tranchina, the court considered the issue of whether the inscription of a mortgage in the name of John E. Tranchina should have been reported on a certificate applied for in the name of John Tranchina. The court held that the recorder of mortgages should have, and failed, to show the mortgage inscription against John E. Tranchina on the certificate.
In light of these cases, we hold that plaintiff's mortgage did provide sufficient notice to third parties of the encumbrance it established on defendant's property. Plaintiff's mortgage, therefore, was effective against third parties when State Farm obtained its mortgage in 1985.
Accordingly, the judgment of the trial court is reversed. Judgment is rendered in favor of plaintiff, Lucille Scovotto Voelkel, finding that plaintiff's mortgage primes intervenor's, State Farm, mortgage.
JUDGMENT REVERSED AND RENDERED.