JONES, Judge.
Defendant, Plaquemines Parish School Board, appeals the trial court’s issuance of a writ of mandamus directing it to “negotiate and offer” plaintiff a new contract, as required by La.R.S. 17:444(B)(4)(c)(iv), relative to his position as principal of Belle Chasse High School.
The facts of this matter are not in dispute. Therefore, we adopt the trial court’s statement of facts as it appears in the trial court’s Reasons for Judgment, to wit:
Rousselle was employed as principal of Belle Chasse High School by virtue of a contract dated July 9, 1990. This two year contract expired by its own terms at the close of the 1991-92 school year. At that time, the School Board voted not to renew that contract despite a recommendation that he be reemployed in that position by the superintendent of schools, Carrol A. Perlander_
Rousselle was informed by the Superintendent of Schools that he would be returned to the position he held prior to his promotion to principal. Rousselle filed suit claiming that La.R.S. 17:444(B) as amended by Act 779 of 1991, required that he receive cause prior to having his contract non-renewed. Rousselle asked the trial court to issue a writ of mandamus directing the School Board to offer him a contract extension. Pursuant to a hearing on Rousselle’s rule, the trial court ordered that an alternative writ of mandamus be made peremptory and offered extensive reasons for judgment. It is from this judgment that defendant appeals.
The trial court found that because Rousselle’s contract expired after July 19, 1991, the effective date of Act 779, the School Board was bound by this legislation requiring the School Board to “negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract.” By his first assignment of error defendant argues that this finding is in error.
At the time the parties entered into the contract La.R.S. 17:444(B)(3)(c), the substantive provision relevant to this matter, read:
The board and the employee may enter into subsequent contracts for such employment. Not less than sixty days prior to the termination of such a contract, the superintendent shall notify the employee of termination of employment under such contract, or in lieu thereof the board and the employee may negotiate and enter into a contract for subsequent employment. If any person so employed shall fail to fulfill the terms and performance objectives of his contract during the term of his employment, he shall be removable *948 for such cause by the superintendent; provided, however, that any person so removed shall have the right to written charges, notice of hearings, and a fair hearing before the superintendent and the board....
(emphasis added.) The law as it existed allowed public school systems in Louisiana to give promotional appointment contracts rather than tenure to teachers promoted into higher paying positions. School Boards were not required to renew such contracts but could, instead, choose not to renew them without stating any reason for so doing. Defendant argues that at the termination of its contract with Rousselle, under the terms of this provision, it was not required to state any reason for non-renewing its agreement nor was it obligated to renew in the absence of an unsatisfactory evaluation.
The 1991 legislation completely changed the intent of the statute and granted tenure-like protections to teachers promoted into higher paying positions. Defendant submits that the fact that Rousselle’s contract expired after the effective date of the 1991 legislation is not sufficient to alter the obligations of the contract between the parties. Defendant cites Block v. Reliance Insurance Company, 433 So.2d 1040 (La.1983); Yamaha Motor Corporation, U.S.A. v. Bonfanti Industries, Inc., 589 So.2d 575 (La.App. 1st Cir.1991); Voelkel v. Harrison, 572 So.2d 724 (La.App. 4th Cir.1990) writ denied 575 So.2d 391 (La.1991) to support its argument that statutes which are enacted or amended after the time of contracting cannot be retroactively applied to alter the obligations of that contract even though the act giving rise to the obligation occurs after the effective date of the new statutory language.
We are persuaded by the case law that the obligations of parties to a contract are fixed at the time the contract is entered into. In Block v. Reliance Insurance Company, supra at 1044, the Supreme Court wrote:
Article 1, Section 23 of the Louisiana Constitution prohibits the legislature from enacting any law which impairs the obligation of a contract. Where the statute in question was not in effect at the time of contracting, it cannot be retroactively applied to alter the obligations of that contract, even though the act giving rise to the obligation occurs after the effective date of the statute.
(emphasis added.) By applying the law as it had been amended in 1991 the trial court was retroactively applying the legislation.
By defendant’s second assignment of error, it argues that the trial court erred in finding that because the 1991 legislation was interpretive rather than substantive, it was an exception to the rule disallowing retroactive application of laws. The court cited several cases including Winstead v. Ed’s Live Catfish & Seafood, 554 So.2d 1237, 1241 (La.App. 1st Cir.1989) writ denied 558 So.2d 570 (La.1990), Voelkel v. Harrison, supra and State v. Landry, 568 So.2d 1125 (La.App. 5th Cir.1990). The court stated that, when read as a whole, these cases suggest that when there is an underlying legal principle, such as the Teacher Tenure Law, legislation which changes certain aspects of the law is given retroactive application in order to insure the integrity of the underlying statutory scheme. The court reasoned that it must look to jurisprudence relative to the Teacher Tenure Law to determine whether, within that context, the subject legislation was promulgated to protect substantive rights and therefore should be retroactively applied. The court examined several cases; specifically, Kennington v. Red River Parish School Board, 200 So. 514, 516 (La.App. 2d Cir.1940); State ex. rel. Bass v. Vernon Parish School Board, 194 So. 74, 76 (La.App. 1st Cir.1940); Andrews v. Union Parish School Board, 184 So. 574 (La.App. 1st Cir.1938) affirmed 191 La. 90, 184 So. 552 (La.1938); McCoy v. Tangipahoa Parish School Board, 308 So.2d 382 (La.App. 1st Cir.) writ denied 310 So.2d 856 (La.1975). All of these cases precede the 1985 legislation which eliminated teacher tenure. 1985 La.Acts 988.
Defendant states that Rousselle’s position, as adopted by the trial court, that the 1991 legislation did not change the terms of *949 the contract between the Board and himself but merely changed the procedure under which subsequent contracts would be issued is clearly erroneous. This is not an instance where “the legislature is simply stating more clearly what it intended to say in the first place.” See: Green v. Liberty Mutual Insurance Company, 352 So.2d 366, 368 (La.App. 4th Cir.1977) writ denied 354 So.2d 210 (La.1978). Rather, this is an instance where the legislature was changing its position on the law. Such can be discerned by a review of the legislative history of La.R.S. 17:444(B) which reveals that the 1991 legislation made substantiva changes in the statute.
Prior to Acts 779 and 781 of 1991, La.R.S. 17:444 had last been significantly amended by Act 988 of 1985. That act, which was entitled “Teachers Promoted to Position of Higher Salary — Elimination of Acquisition of Tenure”, amended La.R.S. 17:444(B)(3) to state:
(3) The employment provided for in this Section shall be for a term of not less than two nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives. The board and the employee may enter into subsequent contracts for such employment. Not less than sixty days prior to the termination of such a contract, the superintendent shall notify the employee of termination of employment under such contract, or in lieu thereof the board and the employee may negotiate and enter into a contract for subsequent employment.
(emphasis added.) Acts 779 and 781 of 1991 amended La.R.S. 17:444(B) to read, in pertinent part, that:
(iv) The board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract based on an evaluation of the contractee as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should the position be recreated, the employee, if still employed by the board, shall have first right of refusal to the recreated position.
(emphasis added.) The word “may” is directory and the word “shall” is mandatory. Clearly Acts 779 and 781 of 1991 did not merely “interpret” Act 988 of 1985 but substantively changed the law. Interpretive legislation does not create new rules, it merely establishes the meaning that the interpreted statute had from the time of its enactment. Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576, 591 (La.1975).
Finally, defendant disagrees with the trial court’s reasoning that where the Teacher Tenure Law was designed to protect the job security of teachers, it should be liberally construed in favor of tenured employees. The trial court ignored the fact that Act 988 of 1985 which added the promotional contract requirements to La.R.S. 17:444(B) was specifically designed to prevent those teachers promoted into higher paying positions from acquiring tenure in those positions. We agree with defendant’s position that the changes in the statute made by the 1991 legislation were clearly substantive in nature and not subject to retroactive application.
By its third assignment of error, defendant argues that the trial court erred in finding that the Board’s right to contract with an individual such as was done in the instant case carries with it no vested right that the conditions precedent to its renewal are set at the onset of the original contract. We agree with defendant.
A right is vest$d when “the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit or contingent interest in property ... does not constitute a vested right.” Voelkel v. Harrison, supra at 726; Tennant v. Russell, 214 La. 1046, 39 So.2d 726, 728 (La.1949). *950 Rousselle knew at the time he took the administrative promotion that he acquired no tenure rights in that position and that he was being guaranteed employment in that position for a period no longer than the term of his contract. Similarly, the School Board knew at the time it entered into such contract that it was obliged to allow Rousselle to fill the promotional position only for the duration of the term of that contract and was not obliged to renew his contract. Though the contract permitted renewal, it clearly did not require it.
Non-renewal of an administrative contract merely operates to return that individual to the highest position in which he had tenure prior to the promotional appointment. Louisiana School Boards Association, which has submitted an amicus brief in this matter, clarifies that Act 988 of 1985, which created the promotional appointee contract law initially, was designed to give public school systems flexibility in the selection and retention of administrative appointees. This was the law under which the subject contract was negotiated. Article 8 of the Louisiana Civil Code provides:
A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts.
If the legislature intended that the law would have retroactive application, pursuant to the state’s police power, it could have so indicated. No section of the Revised Statutes is retroactive unless it is expressly stated to be. La.R.S. 1:2.
For the foregoing reasons the trial court’s judgment is reversed and plaintiff’s petition is dismissed at his cost.

REVERSED.